J^THOMAS F. DALEY, Judge.
Appellant, A1 Nighth, challenges his commitment to the Eastern Louisiana Mental Health System, Forensic Division that was signed by the trial judge on January 7, 2002, pursuant to a finding that he was incapable of standing trial, is a danger to others, and is unlikely in the foreseeable future to be capable of standing trial. Appellant alleges that the trial court committed error in finding him to be dangerous to others due to mental illness. For the reasons set forth below we reverse the trial court’s finding that the defendant is dangerous and remand the matter to the trial court for further proceedings.
FACTUAL BACKGROUND:
On August 5, 1998, A1 Nighth was charged by Bill of Information with armed robbery, a violation of La. R.S. 14:64. On September 22, 1998, A1 Nighth pled not guilty. On December 17, 1998, a sanity hearing was held; and both the State and the defense stipulated that the appellant was not competent to stand trial. The appellant was remanded to the Eastern Louisiana Mental Health System, laForensic Division. On January 27, 2000, a competency hearing was again held; and both the State and the defense stipulated that the appellant was not competent to stand trial. On December 13, 2001, another competency hearing was held in which evidence was introduced that the appellant would never be competent to stand trial. The State’s witness recommended that appellant be transferred from the forensic wing of the hospital (criminal wing) to the East Division wing (civil wing). After the hearing, the court ordered that the appellant remain in the forensic wing of the hospital. On January 7, 2002, the court signed a Judgment of Civil Commitment, ordering the appellant to be committed to the Eastern Louisiana Mental Health System, Forensic Division.
ASSIGNMENT OF ERROR:
Appellant alleges that the trial court erred in finding A1 Nighth to be dangerous to others due to mental illness when the only evidence before the court was that he was not dangerous.
Dr. Alan Newman was the only witness called to testify at the hearing. He is the forensic psychiatrist who has been treating A1 Nighth for the past year. He testified that A1 Nighth has a diagnosis of paranoid schizophrenia, borderline intellectual functioning, and bronchial asthma. His mental illness is in partial remission, and is “of a *305 lower psychiatric acuity than most of the patients on the civil wing.” Dr. Newman indicated that the appellant is not a management problem and he poses no threat of harm to himself or others. The only evidence in this record to suggest that Al Nighth is dangerous is the fact that he has been charged with a violent crime.
The United States Supreme Court has held that it is unconstitutional to hold a mentally ill citizen in custody absent the rights and remedies provided to other citizens just because he has been charged with a crime, once it has been determined 1¿that competency to proceed will not be regained in the foreseeable future. Jackson v. Indiana, 406 U.S. 715, 730, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972).
La.C.Cr.P. art. 648 distinguishes between defendants who are incapable of standing trial and may be released without danger to themselves or others, and those defendants who are incapable of standing trial, but are dangerous to themselves or others. Under La.C.Cr.P. art. 648(B)(2),
“If after the hearing, the court determines the defendant is, and will in the foreseeable future be, incapable of standing trial and may be released without danger to himself or others, the court shall release the defendant on probation.”
The companion paragraph, La.C.Cr.P. art. 648(B)(3), states that,
“If, after the hearing, the court determines the mentally defective defendant incapable of standing trial, is a danger to himself or others, and is unlikely in the foreseeable future to be capable to standing trial, the court shall order commitment to a designated and medically suitable treatment facility. Such a judgment shall constitute an order of civil commitment.”
Since this record contains no evidence that the appellant is dangerous to himself or others, we find that La.C.Cr.P. art. 648(B)(2) is applicable and states, “the court shall release the defendant on probation.” (Emphasis added).
An alternative to probation is available to the State pursuant to La. R.S. 28:59, which states that:
B. Any person who is determined to lack the capacity to proceed, who will not attain the capacity to proceed with his trial in the foreseeable future, and who is not a danger to himself or others, shall be discharged in accordance with Code of Criminal Procedure Arts. 648 et seq. However, this release is without prejudice to any right the state may have to institute civil commitment proceedings pursuant to R.S. 28:53 or R.S. 28:54. Furthermore, this person may be held in a treatment facility for a reasonable time period pending the judicial commitment hearing.
This civil commitment process under Chapter 28 allows for a civil commitment for an individual who is gravely disabled. While the testimony of Dr. Alan Newman, the treating psychiatrist, does not indicate that Al Nighth is dangerous to himself or | Bothers, Dr. Newman clearly states that Al Nighth is gravely disabled and that he would not be able to live independently on his own.
Therefore, in accordance with La. C.Cr.P. art. 648 and La. R.S. 28:59 we remand this matter to the trial court with instructions that the trial court is to conduct a hearing, within thirty (30) days of this opinion, to set the terms and conditions of Mr. Nighth’s probation pursuant to La.C.Cr.P. art. 648. Pending the hearing to set the probationary conditions Al Nighth will remain committed to the Eastern Louisiana Mental Health System, Forensic Division. Furthermore, the State pursuant to La. R.S. 28:59(B) may institute *306 civil commitment proceedings. In accordance with La. R.S. 28:54, if a civil commitment proceeding is filed by the State before the probationary hearing, the trial court is authorized to postpone the hearing pending the results of the civil commitment. If a civil commitment is ordered, pursuant to La. R.S. 28:54, the probation hearing will not be necessary during the pendency of the civil commitment.
REVERSED IN PART AND REMANDED.